Filed 5/22/23 P. v. Henson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096412 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20150007347) |
| v. | |
| MARCUS HENSON, | |
| Defendant and Appellant. | |

Defendant Marcus Henson opened fire at two police officers. A jury found defendant guilty of, among other things, active participation in a criminal street gang, and found true the criminal street gang allegations.

On appeal, defendant contends, and the People agree, that remand is appropriate because Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 3-4; Assembly Bill No. 333) substantially changes the elements of the gang offense and gang enhancements. We shall reverse defendant's conviction of active participation in a criminal street gang and vacate the true findings as to the gang enhancement. The matter

1

is remanded to give the People an opportunity to retry the gang offense and the gang enhancements under the amended statute. The judgment is affirmed in all other respects.

## I. BACKGROUND

We summarize the factual and procedural background from our unpublished opinion in defendant's previous appeal, *People v. Henson* (Oct. 14, 2020, C084770) [nonpub. opn.] (*Henson*). We granted defendant's request to incorporate by reference the record on appeal in *Henson*.

Defendant and members of the Flyboys gang ambushed two police officers and opened fire at them while they were driving away in an unmarked police car. (*Henson, supra*, C084770.)

A jury found defendant guilty of two counts of attempted murder of a peace officer (Pen. Code, §§ 664, subd. (e) & 187, subd. (a)—counts 1 & 2),[1] two counts of attempted murder (§§ 664, subd. (a) & 187, subd. (a)—counts 3 & 4), two counts of assault with a semiautomatic firearm on a peace officer (§ 245, subd. (d)(2)—counts 5 & 6), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)—counts 7 & 8), shooting at an occupied vehicle (§ 246—count 9), and active participation in a criminal street gang (§ 186.22, subd. (a)—count 10). The jury further found true the firearm allegations (§§ 12022.5, subd. (a), 12022.53, subds. (c) & (e)) and the criminal street gang allegation (§ 186.22, subd. (b)(1)) as to counts 1 through 9. (*Henson, supra*, C084770.)

The trial court originally sentenced defendant to an aggregate indeterminate term of 50 years to life, plus an aggregate determinate term of eight months. (*Henson, supra*, C084770.)

---

[1] Undesignated statutory references are to the Penal Code.

In a previous appeal, we reversed and remanded the convictions on counts 1 and 3; vacated the convictions on counts 4, 7, and 8, as well as their associated enhancements; and vacated defendant's sentence. But we affirmed the judgment in all other respects. We remanded the matter for further proceedings in the trial court. (*Henson, supra*, C084770.)

On remand, on March 28, 2022, the trial court struck counts 1, 3, 4, 7, and 8, as well as one of the firearm enhancements as to count 2. The People elected not to retry counts 1 and 3. The trial court resentenced defendant to 15 years to life on count 2, plus 20 years on the remaining firearm enhancement. It further imposed and stayed sentences on counts 5, 6, 9, and 10 and their associated enhancements, as well as the criminal street gang enhancement as to count 2.

Defendant timely appealed.

## II. DISCUSSION

Defendant contends that Assembly Bill No. 333 applies retroactively to his case and that, under the law as amended, the jury could not have beyond a reasonable doubt reached the same verdict. He asks us to reverse his gang offense conviction and vacate his gang enhancements and remand the matter for a retrial. The People agree, and so do we.

*A. Assembly Bill No. 333*

Section 186.22, subdivision (a) makes it a substantive offense for a person who actively participates in a "criminal street gang" while knowing that its members engage in, or have engaged in, a "pattern of criminal gang activity," and who willfully "promotes, furthers, or assists in" felonious criminal conduct by gang members. Section 186.22, subdivision (b) sets forth various sentencing enhancements for persons convicted of enumerated felonies "committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members."

3

Section 186.22, former subdivision (f) defines a "criminal street gang" as, among other things, a group "whose members individually or collectively engage in, or have engaged in, a pattern of criminal gang activity." (See Stats. 2017, ch. 561, § 179.) The "pattern of criminal gang activity," in turn, meant "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of" two or more predicate offenses enumerated in section 186.22, former subdivision (e) by gang members.[2] (*People v. Valencia* (2021) 11 Cal.5th 818, 829.)

Effective January 1, 2022, Assembly Bill No. 333 made several substantive changes to section 186.22. As relevant here, Assembly Bill No. 333 narrows the definition of "criminal street gang" by removing the word "individually" from section 186.22, subdivision (f). Thus, predicate offenses committed by individual gang members can no longer support a criminal street gang finding, and the prosecution must prove that gang members collectively engage in a pattern of criminal activity. Assembly Bill No. 333 further defines "to benefit, promote, further, or assist," when used in subdivisions (a) and (b), as "to provide a common benefit to members of a gang where the common benefit is more than reputational. Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant." (§ 186.22, subd. (g).) These changes essentially add new elements to the substantive offense and enhancements in section 186.22. (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.)

---

[2] We use the term "commission" in this opinion to include the broader statutory inclusion of the "attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction" of a predicate offense. (§ 186.22, subd. (e).)

Because the amendments to section 186.22 in Assembly Bill No. 333 ameliorate punishment for defendant and defendant's case is not yet final, the parties agree, as do we, that Assembly Bill No. 333 applies retroactively to defendant's case. (*People v. Tran, supra*, 13 Cal.5th at pp. 1206-1207.)

B.     *Analysis*

"When a substantive change occurs in the elements of an offense and the jury is not instructed as to the proper elements, the omission implicates the defendant's right to a jury trial under the Sixth Amendment, and reversal is required unless 'it appears beyond a reasonable doubt' that the jury verdict would have been the same in the absence of the error." (*People v. Tran, supra*, 13 Cal.5th at p. 1207.)

Because the jury trial took place before Assembly Bill No. 333 came into effect, defendant's jury was not instructed on the new elements of the gang offense and enhancement. We thus consider whether such error was harmless beyond a reasonable doubt.

At trial, the prosecution introduced certified records of conviction of four other crimes committed by Flyboys members as predicate offenses. These crimes included Aaron McKenzie's voluntary manslaughter conviction with a firearm enhancement in 2016, Virgil Graves's possession of firearm conviction in 2015, and Geravon Figg and Isaiah McGee's possession of firearm convictions based on offenses they committed in April 2015.

Detective Ryan Taiariol, the People's gang expert, testified as to McKenzie's conviction. In that case, Flyboys member Tyrell Washington got into an altercation with someone who he believed to be an informant. During the altercation, McKenzie fired at the potential informant, but one of the bullets struck and killed an innocent bystander. The evidence did not show that the informant was hurt by the shooting, or that McKenzie was charged for or convicted of shooting at the potential informant. It was further unclear how killing the bystander provided a common benefit beyond reputational to the

gang members. Thus, as presented, the evidence about McKenzie's conviction can no longer support a predicate offense under amended section 186.22, subdivision (g).

As to Graves's possession of firearm conviction, Detective Taiariol testified that both McKenzie and Graves entered a plea agreement for possession of firearms and gang charges after firearms were found in a vehicle. But Detective Taiariol had no personal knowledge of this case and was uncertain about Graves's actual convictions in that case. Absent independent admissible evidence, Detective Taiariol, an expert, cannot supply " 'case-specific facts' " in hearsay statements. (*People v. Valencia, supra*, 11 Cal.5th at p. 838.) Thus, the only competent evidence of Graves's conviction was the certified record of conviction that did not show that Graves committed the offense collectively with other Flyboys members or that the offense provided a common benefit beyond reputational to the Flyboys.

Lieutenant Reynosa and Officer Smith testified that they found an illegal handgun at defendant's residence in April 2015, where members of the Flyboys congregated. Lieutenant Reynosa identified McGee as one of the Flyboys members gathered at defendant's residence, but he made no mention of Figg. Detective Taiariol, who was not involved in the search of defendant's residence, testified that Figg was arrested because of a fingerprint found on the illegal handgun. But again, as an expert, Detective Taiariol could not supply the case-specific facts. (*People v. Valencia, supra*, 11 Cal.5th at p. 838.) The certified record of conviction showed only that McGee and Figg were convicted on the same day based on offenses occurring in April 2015. This was insufficient to show that McGee and Figg collectively committed the offenses.

In addition to the convicted offenses, Detective Taiariol testified that there was a pending case against several Flyboys members involving a conspiracy to commit murder and attempted murder, which stemmed from a wiretap investigation he worked on. But he provided no further information as to the conspiracy or the attempted murder. It was

6

therefore unclear whether the charged crimes provided more than reputational benefits to the Flyboys.

As such, we cannot conclude beyond a reasonable doubt that the jury would have reached the same verdict as to the gang offense and found true the gang enhancement. We accordingly reverse the gang offense conviction and vacate the gang enhancement. We shall remand the matter to afford the prosecution an opportunity to meet their new burden of proof under amended section 186.22. (*People v. Eagle* (2016) 246 Cal.App.4th 275, 280.)

### III. DISPOSITION

We reverse defendant's conviction for active participation in a criminal street gang and vacate the gang enhancements. The matter is remanded to provide the People an opportunity to retry the gang offense and the gang enhancements. In all other respects, the judgment is affirmed.

/S/

---
RENNER, J.

We concur:

/S/

---
HULL, Acting P. J.

/S/

---
MESIWALA, J.